UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. HOLMAN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 4:03CV70  CAS |
| v. | ) | (TIA) |
| | ) | |
| AL LUEBBERS, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the petition of Robert A. Holman for a writ of habeas corpus under 28 U.S.C. § 2254.  The case was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b).

**Procedural History**

Petitioner is presently incarcerated at the Farmington Correctional Center located in Farmington, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Louis County, Missouri.  On October 21, 1997, a jury found Petitioner guilty of forgery. (Resp. Exh. B, p. 31) On February 17, 1998, the trial court sentenced Petitioner as a persistent offender to an extended term of twenty years in the Missouri Department of Corrections.  (Resp. Exh. B, pp. 37-38) Petitioner filed a direct appeal, and on March 9, 1999, the Missouri Court of Appeals issued a per curiam order affirming petitioner's conviction. (Resp. Exh. E)  On August 20, 1999, petitioner filed a *pro se* motion to vacate, set aside or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 29.15.  (Resp. Exh. G, pp. 4-18)  Petitioner filed a first amended Rule 29.15 motion and request for an evidentiary hearing on November 29, 1999.  (Resp. Exh. G, pp. 41-95) On

April 30, 2001, the trial court denied petitioner's motion for post-conviction relief after an evidentiary hearing. (Resp. Exh. G, pp. 195-221)  The Missouri Court of Appeals affirmed the trial court's judgment on September 3, 2002. (Resp. Exh. J)  On January 10, 2003, petitioner filed the instant petition for a writ of habeas corpus.

## Exhaustion Analysis

Before the undersigned may consider the merits of the petition for a writ of habeas corpus, the petitioner must demonstrate that he has exhausted his state court remedies. 28 U.S.C. § 2254 (b). Here, respondent concedes that petitioner has exhausted all of his state court remedies by either fairly presenting his claims to the Missouri state courts or by procedurally defaulting on the state remedies available to him.

## Petitioner's Claims

In his petition for habeas relief, petitioner raises the following two grounds:

(1) Petitioner received ineffective assistance of trial counsel in that counsel failed to object to petitioner being barred from the trial; and

(2) Petitioner was denied his right to confront witnesses and evidence against him, right to testify, and right to assist counsel by his exclusion from trial.

## Discussion

### Claim One

Petitioner's first claim is that he received ineffective assistance of trial counsel because counsel failed to object to petitioner being barred from trial.  Respondent contends, and petitioner concedes, that petitioner failed to raise this claim in his appeal from the Circuit Court's denial of his post-conviction relief motion.  (Resp. Exh. H)  Thus, respondent argues that the claim is procedurally barred from federal review due to petitioner's failure to raise it on appeal.

2

The undersigned agrees that petitioner is procedurally barred from raising this claim. Failure to appeal the denial of postconviction relief to the Missouri Court of Appeals constitutes a procedural default. Osborne v. Purkett, 411 F.3d 911, 919 (8th Cir. 2005) (citations omitted). Here, petitioner failed to raise this specific claim in his appeal from the denial of his postconviction motion. (Resp. Exh. H) Therefore, his claim of ineffective assistance of trial counsel for failure to object to petitioner being removed from trial is procedurally barred.

A federal court lacks the authority to reach the merits of procedurally barred claims unless petitioner can show cause and prejudice for the default or demonstrate a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). "Establishing cause requires a showing of some external impediment that frustrates a prisoner's ability to comply with the state procedural rules." Malone v. Vasquez, 138 F.3d 711, 719 (8th Cir. 1998). Examples of such cause include a showing that a factual or legal basis for a claim was not reasonably available to counsel, or that interference by officials makes compliance impracticable. Murray v. Carrier, 477 U.S. 478, 488 (1986)(citation omitted).

The miscarriage of justice exception applies only in extraordinary cases, particularly if a constitutional violation resulted in the conviction of an innocent person. Schlup, 513 U.S. at 327; Murray, 477 U.S. at 496. This requires petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." Schlup, 513 U.S. at 324. The standard compels petitioner to persuade the court that in light of new evidence no juror would have found him guilty beyond a reasonable doubt. Schlup, 513 U.S. at 329; Perry v. Norris, 107 F.3d 665, 666 (8th Cir. 1997). The Supreme Court noted in Schlup that claims of actual innocence are rarely

3

successful because this type of evidence is usually unavailable.  Id.

In the instant case, petitioner argues that ineffective assistance of appellate counsel caused him to procedurally default on his claim of ineffective assistance of trial counsel.  While ineffective assistance of counsel may be cause to excuse a procedurally defaulted claim, "in order to urge ineffective assistance as cause excusing a procedural default, the federal habeas petitioner must have properly raised the ineffectiveness claim in state court."  Williams v. Kemna, 311 F.3d 895, 897 (8th Cir. 2002) (citations omitted).

In the present case, the record shows that petitioner did raise an ineffective assistance of appellate counsel claim on appeal from the denial of his 29.15 motion. (Resp. Exh. H)  However, that claim pertained to counsel's failure to argue trial court error for failure to order a mental competency examination. (Resp. Exh. H)  In order to avoid procedural default, a petitioner must raise the same factual grounds and legal theories in the state courts as those raised in the federal petition.  Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir. 2003) (citations omitted).  Petitioner's present ineffective assistance of appellate counsel claim is based on different facts and theories.  Therefore, he failed to properly raise the claim in state court, and he may not assert ineffective assistance of appellate counsel as cause for his default.

Additionally, to the extent that Petitioner's ineffectiveness claim actually relates to post-conviction appellate counsel for failure to argue ineffective assistance of trial counsel in the 29.15 appeal, this claim is not properly before the Court.  "Ineffective assistance of post-conviction counsel may not be the basis of federal habeas relief."  Anderson v. Bowersox, 262 F.3d 839, 842 (8th Cir. 2001). Furthermore, it cannot constitute cause for procedural default.  Reese v. Delo, 94 F.3d 1177, 1182 (8th Cir. 1996).  In addition to Petitioner's failure to show cause, he does not argue that he is

actually innocent. Therefore, petitioner's claim that trial counsel was ineffective for failing to object to Petitioner's removal from the trial should be dismissed as procedurally defaulted.

## Claim Two

Petitioner's second claim alleges that, by excluding him from trial, the trial court denied him of his right to confront witnesses and evidence against him, right to testify, and right to assist counsel. Respondent argues that petitioner failed to assert on direct appeal that the trial court denied him the right to testify and right to assist counsel. Therefore, Respondent maintains that Petitioner is procedurally barred from raising these arguments in federal court.

The undersigned agrees. In his direct appeal, Petitioner argued that the trial court erred in excluding Petitioner from the trial in violation of his right to due process, to appear, and to confront his accusers fact-to-face. (Resp. Exh. C, p. 9) As previously stated, in order to avoid procedural default, a petitioner must raise the same factual grounds and legal theories in the state courts as those raised in the federal petition. Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir. 2003) (citations omitted). Petitioner's legal theories in support of his claim in state court stemmed from the denial of his right to confrontation and his general right to be present during jury selection, identification by witnesses, the prior and persistent offender hearing, and the verdict. These are not the same legal theories that he presents in his federal petition. Therefore, the Court may not address the merits of these aspects of claim 2 absent a showing of cause and prejudice or a fundamental miscarriage of justice. Schlup, 513 U.S. at 315. In the instant case, petitioner neglected to show cause and prejudice or a fundamental miscarriage of justice. Accordingly, the Court is precluded from addressing the merits of Petitioner's argument that he was denied his right to testify and to assist his attorney.

5

Petitioner did raise on direct appeal the claim that the trial court denied him of his right to confront witnesses by excluding him from trial. Thus the Court may reach the merits of this aspect of Petitioner's claim. Respondent asserts that the decision of the Missouri Court of Appeals finding that the trial court did not abuse its discretion by excluding Petitioner from trial was not contrary to, nor did it involve, an unreasonable application of clearly established Supreme Court precedent.

According to the Missouri Court of Appeals' Memorandum Supplementing Order Affirming Judgment Pursuant to Rule 30.25(b), Petitioner appeared with counsel on the morning of trial. During the course of a request to discharge his attorney, Petitioner refused to cooperate and dress for trial. The trial judge denied Petitioner's request and informed him that he could get dressed in street clothes and participate in the case, or he could leave the courtroom with a photo in his seat, as keeping Petitioner bound and gagged at the counsel table would be more prejudicial to his case. Petitioner proceeded to become belligerent, repeatedly using expletives, after which Petitioner was removed from the courtroom by three large transportation officers. (Resp. Exh. E, pp. 5-7)

Prior to voir dire, the trial court refused to allow Petitioner to return to the courtroom based on his agitated state when he left the courtroom and his wife's apparent failure to persuade Petitioner to return to the courtroom and cooperate with his lawyer. (Resp. Exh. E, pp. 6-7) Before swearing in the jury, the court followed up with Petitioner's status. According to counsel, Petitioner's wife visited with him for an hour, and he refused to change his mind. Defense counsel was equally unsuccessful. (Resp. Exh. E, pp. 7-8) At the prior and persistent offender hearing, the court noted that, given Petitioner's outburst before trial and subsequent conversations, there was no indication that Petitioner would have ever agreed to cooperate. Petitioner's counsel agreed with the judge. (Resp. Exh. E, p. 8)

6

After the jury returned the guilty verdict, the court explained to the jury the circumstances surrounding Petitioner's absence from the trial. The judge noted that in light of Petitioner's refusal to dress for trial, refusal to cooperate with his attorney, and use of many curse words, the court was confident that Petitioner would not act properly in front of the jury. The judge explained that he believed it was more fair to exclude him than to bind and gag him at counsel's table. (Resp. Exh. E, pp. 8-9) The Missouri Court of Appeals noted that the trial record did not reveal that Petitioner or his attorney objected to Petitioner's exclusion or that Petitioner or his attorney requested that Petitioner be allowed to return. (Resp. Exh. E, p. 9)

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), federal courts review state court decisions under a deferential standard. Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999). A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Id. (quoting 28 U.S.C. § 2254(d)(1)). Findings of fact made by a State court are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). See also Gee v. Groose, 110 F.3d 1346, 1351 (8th Cir. 1997) (state court factual findings presumed to be correct where fairly supported by the record). While Petitioner argues that the trial court's decision to ban him from the courtroom for all of the proceedings violated his right to due process, Petitioner does not present clear and convincing evidence that the State court's findings of fact are erroneous. Therefore, the undersigned finds that the aforementioned facts are entitled to a presumption of correctness.

With regard to the legal conclusions on Petitioner's claim, the Missouri Court of Appeals

7

found:

> A trial court has discretion to determine what constitutes disruption and what action is necessary under the circumstances of each case. <u>Illinois v. Allen</u>, 397 U.S. 337, 343, 90 S. Ct. 1057, 1060-61, 25 L.Ed.2d 353 (1970); <u>State v. Sahakian</u>, 886 S.W.2d 178, 180-181 (Mo. App. 1994). We therefore review a trial court's actions in dealing with disruptive defendants for abuse of that discretion. <u>State v. Bowens,</u> 964 S.W.2d 232, 240 (Mo. App. 1998).
>
> . . .
>
> The removal of a disruptive defendant from the courtroom is measured by the standard set out in <u>Illinois v. Allen</u>, 397 U.S. 337, 90 S. Ct. 1057, 25 L.Ed.2d 353 (1970). In <u>Allen</u>, the Court held that the Sixth Amendment right to confrontation assured an accused the right to be present at every stage of the trial, and that the Fourteenth Amendment made this constitutional guarantee obligatory to the states. <u>Id.</u> at 338, 90 S. Ct. at 1058. However, the Court held that an accused could forfeit the right to be present through disruptive conduct. <u>Id.</u> at 343, 90 S. Ct. at 1060-61. "[A] defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." <u>Id.</u> at 343, 90 S. Ct. at 1060-61. However, a defendant can reclaim the right to be present as soon as the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings. <u>Id.</u> at 343-44, 90 S. Ct. at 1061. A trial judge can handle an obstreperous defendant in at least three constitutionally permissible ways: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly. <u>Id.</u>

This case falls within our decisions in <u>Sahakian</u> and <u>State v. Barbee</u>, 822 S.W.2d 522 (Mo. App. 1991). In <u>Sahakian</u>, we reviewed for plain error whether the trial court erred in failing to inform a defendant on the record that he could return to the courtroom if he would agree to conduct himself in an orderly manner. Defendant shouted at the jury during the state's opening statement. The trial court asked the defendant twice on the record whether he would remain seated and refrain from disrupting the proceedings. The trial court warned the defendant that if he failed to promise to conduct himself properly, he would either be removed or be bound and gagged. The defendant persisted in disrupting the proceedings and was removed. Although defendant was never asked whether he would return and not disrupt the proceedings after removal, we found that the defendant had ample warning prior to his removal. 886 S.W.2d at 181. We observed that the defendant had expressed no further desire to participate in the trial and chose to absent himself from the trial rather than promise the court he would behave himself properly. <u>Id.</u> We accordingly found no reversible error.

8

In Barbee, we addressed the question of whether a warning to counsel was sufficient where no warning was given to the defendant. After the defendant had interrupted voir dire, he told the judge he wanted to speak and wanted nothing to do with his counsel. The court warned defendant's counsel that if the defendant did not promise to be quiet, he would not be permitted to remain in the courtroom. The defendant was then brought before the court outside the presence of the jury. The court thereupon ordered the defendant removed from the trial. After he was removed the court proceeded with voir dire over defense counsel's objection. Prior to the jury being sworn, the court permitted the defendant to be brought back into the courtroom and the defendant agreed to remain quiet. We held that the colloquy between the court an counsel combined with the colloquy between the court and the defendant sufficiently warned the defendant that he could be removed if he continued to disrupt the court proceedings. 822 S.W.2d at 524-25. We observed that the defendant himself chose to absent himself from the courtroom rather than promise to remain quiet. Id. at 525. We further observed that the court could have reasonably believed another disturbance might be forthcoming if the defendant was not removed. Id. Further, we found no prejudice because defendant was allowed to consult with counsel during the short time he was excluded. Id.

Here, the record shows that when the proceedings went on the record defendant was refusing to cooperate with his attorney and dress for trial. The court warned him if he did not cooperate the court would not keep him bound and gagged in the courtroom but would try the case in his absence. After further discussion defendant began to curse at the judge and the proceedings went off the record. In subsequent accounts of defendant's removal from the courtroom, the parties agreed that three large transportation officers were required to attempt to control defendant and remove him from the courtroom. The record is sufficient to show that defendant's outburst violated the dignity, order, and decorum of the court. This behavior together with his refusal to cooperate with counsel and his refusal to dress for trial, also threatened to impede the proceedings and create the likelihood of prejudice against him. See Barbee, 822 S.W.2d at 525. The trial court considered and rejected as more prejudicial the option of having defendant remain in the courtroom bound and gagged.

Further, under Sahakian and Barbee, the defendant was sufficiently warned that he could be removed from the courtroom if he would not cooperate. After the warning his conduct became worse. The better practice would have been for the court to have informed defendant that he could return to the courtroom upon assurance he would conduct himself properly. However, we observe, as we did in Sahakian, that defendant expressed no further desire to participate in his trial and, telling the court to "do what you got to do," and then cursing the judge, voluntarily chose to absent himself from the trial rather than behave properly. Further, the court sent defendant's wife to talk to him which resulted in defendant's agreement to talk

9

>to counsel. Defense counsel agreed on the record that he and the court had no indication from any conversation with defendant that defendant would have ever agreed to cooperate after his outburst. Neither defendant nor defense counsel objected to the exclusion. The trial was conducted by defense counsel who made himself available to and did consult with the defendant during trial. Defendant had elected prior to trial not to testify. Given all these circumstances, we do not find that the trial court abused its discretion. Point one is denied.

(Resp. Exh. E, pp. 4, 9-12).

As previously stated, this Court may not grant habeas relief on a claim adjudicated on the merits in state court unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Petitioner argues that he is afforded the right to be present at proceedings addressing habitual criminal issues such as prior and persistent felony offender status. Although a defendant is afforded this right, the United States Supreme Court has explicitly held that "a defendant can lose his right to be present at trial if, after he has been warned by the judge that he will be removed if he continues his disruptive behavior, he nevertheless insists on conducting himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot be carried on with him in the courtroom." Illinois v Allen, 397 U.S. 337, 343 (1970) (citations omitted); see also United States v. Williams, 431 F.3d 1115, 1119 (8th Cir. 2005) (same).

In the instant case, even after the trial court warned Petitioner, he refused to dress for trial, cursed at the judge, and had to be forcibly removed from the courtroom by three large officials. (Resp. Exh. E, pp. 5-9) Despite attempts by defense counsel and Petitioner's wife to convince Petitioner to cooperate, Petitioner never expressed an intention to do so. (Resp. Exh. E, pp. 5-9) Accordingly, the undersigned finds that petitioner lost his constitutional right to confront witnesses by his disorderly behavior. While he could reclaim this right during the trial, both the record and

Petitioner's recitation of the facts in his pleadings are void of any indication that Petitioner was willing to "conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." Allen, 397 U.S. at 343. Thus, the undersigned concludes that the Missouri Court of Appeals' decision denying petitioner's right to confront witnesses claim was not contrary to, nor did it involve, an unreasonable application of, clearly established Supreme Court precedent. As a result, petitioner's second claim for habeas relief is without merit and should be dismissed.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of Robert A. Holman for a writ of habeas corpus be **DISMISSED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 24th day of February, 2006.