# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT A. HOLMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:03-CV-70 CAS |
| ) | |
| AL LUEBBERS, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on state prisoner Robert Holman's action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge Terry I. Adelman for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b). On February 24, 2006, Judge Adelman filed a Report and Recommendation of United States Magistrate Judge which recommended that Holman's petition for writ of habeas corpus be denied. No objections were filed to the Magistrate Judge's Report and Recommendation within the time permitted. For the following reasons, the Court will adopt the Report and Recommendation of Magistrate Judge and deny Holman's petition for writ of habeas corpus.

**Procedural Background**

On October 21, 1997, Holman was convicted of forgery in a trial by jury. The trial court sentenced Holman as a prior and persistent offender to an extended term of twenty years in the Missouri Department of Corrections. Holman filed a direct appeal of his conviction. The Missouri Court of Appeals affirmed Holman's conviction in a per curiam order. On August 20, 1999, Holman

filed a pro se motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 29.15. Holman filed a first amended Rule 29.15 motion and request for evidentiary hearing on April 30, 2001. The trial court denied Holman's motion for post-conviction relief after holding an evidentiary hearing. The Missouri Court of Appeals affirmed the trial court's judgment on September 3, 2002. On January 10, 2003, Holman filed this petition for writ of habeas corpus.

**Discussion**

Holman asserted two claims in his habeas petition. In his first claim for relief, Holman contends that he received ineffective assistance of counsel because his trial counsel failed to raise objections to Holman being barred from the trial, did not request defendant to be allowed to attend trial, and never questioned the court's right to bar Holman from trial. The Court agrees with the Magistrate Judge's conclusion that this claim is procedurally defaulted.

The record shows that Holman did not raise an ineffective assistance of trial counsel claim in his appeal of the denial of his state post-conviction relief motion. A federal court cannot review the merits of a procedurally defaulted claim unless the petitioner shows "cause and prejudice" or establishes a "fundamental miscarriage of justice." Weaver v. Bowersox, 438 F.3d 832 (8th Cir. 2006) (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)). The Court agrees that petitioner has not demonstrated that he meets any of the above criteria that would allow federal review on this claim. To the extent Holman asserts that the ineffectiveness of appellate counsel caused the default of his ineffective assistance of trial counsel claim, that claim fails as well.[1] "Ineffective assistance of

---

[1] Holman did raise an ineffective assistance of appellate counsel claim on appeal from the denial of his Rule 29.15 motion, but that particular claim concerned appellate counsel's failure to assert that the trial court erred in not ordering a mental competency exam. "To avoid defaulting on

2

post-conviction counsel may not be the basis of federal habeas relief." Anderson v. Bowersox, 262 F.3d 839, 842 (8th Cir. 2001); see also 28 U.S.C. § 2254(i) (the ineffectiveness of or incompetence of counsel during federal or state collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254). Also, ineffective assistance of appellate counsel does not establish cause for procedural default. Reese v. Delo, 94 F.3d 1177, 1182 (citing Lowe-Bey v. Groose, 28 F.3d 816, 819 (8th Cir.), cert. denied, 513 U.S. 1061 (1994)).

In his second claim for relief, petitioner asserts that the trial court denied him the right to confront witnesses and evidence against him, the right to testify on his own behalf, and the right to effectively assist counsel in his defense. The Court agrees that petitioner has procedurally defaulted on his claims that the trial court denied him the right to testify and the right to assist counsel in his defense. As stated earlier, federal courts lack authority to decide the merits of procedurally defaulted claims unless the petitioner establishes "cause and prejudice" or his case falls within a narrow class of cases constituting a fundamental miscarriage of justice. Schlup v. Delo, 513 U.S. 298, 314-15 (1995). Holman has shown neither "cause and prejudice" nor a fundamental miscarriage of justice concerning the failure to assert these claims in state court. Therefore, habeas relief on these claims will be denied.

On direct appeal, Holman did raise a claim that trial counsel denied him the right to confront witnesses by excluding him from trial. Federal courts may grant habeas relief to a state prisoner on a claim only if the state court's rejection of the claim was "contrary to, or involved an unreasonable

---

a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts." Anderson v. Groose, 106 F.3d 242, 245 (8th Cir. 1997). "A petitioner has fairly presented a claim when he has 'properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." Palmer v. Clarke, 408 F.3d 423, 430 (8th Cir. 2005) (citing Wemark v. Iowa, 322 F.3d 1018, 1021 (8th Cir. 2003)).

3

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1)-(2). "A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts." Ford v. Bowersox, 256 F.3d 783, 786 (8th Cir. 2001) (citing Williams v. Taylor, 529 U.S. 362, 412-13 (2000)). "A state court decision involves an unreasonable application of Supreme Court precedent if it correctly identifies the governing legal rules but unreasonably applies them to the facts of a prisoner's case." Ford, 256 F.3d at 786.

Although petitioner had the right to be present at trial and at the hearing regarding prior and persistent offender status, a defendant can lose the right to be present.[2] "The right to be present at all phases of a criminal trial is not absolute." U.S. v. Shepherd, 284 F.3d 965, 967 (8th Cir. 2002). A defendant can lose his right to be present at trial if, after being warned by the court that he will be removed, he continuously conducts himself in a "disorderly, disruptive, and disrespectful" manner that impedes the progression of the case in the defendant's presence. United States v. Williams, 431 F.3d 1115, 1119 (8th Cir. 2005). The right can only be reclaimed when "the defendant is willing to conduct himself consistently with the decorum and respect inherent in the concept of courts and judicial proceedings." Williams, 431 F. 3d at 1120-21. The Court agrees with the recommendation

---

[2]The Confrontation Clause of the Sixth Amendment guarantees the right of an accused "to be present in the courtroom at every stage of his trial." Illinois v. Allen, 397 U.S. 337, 338 (1970). The Supreme Court has also held that the Fifth and Fourteenth Amendments require a defendant's presence at trial if a fair and just hearing could not occur in the defendant's absence. See Snyder v. Massachusetts, 291 U.S. 97, 108 (1934), overruled on other grounds by Malloy v. Hogan, 378 U.S. 1 (1964) .

4

of the Magistrate Judge that petitioner's request for relief on this claim should be denied. The factual record at trial shows that petitioner refused to dress for trial, cursed the judge, and had to be forcibly removed from the courtroom. Subsequent efforts by petitioner's wife and trial counsel to persuade him to cooperate were unsuccessful and the trial proceeded in petitioner's absence. There is no evidence in the record that petitioner expressed any willingness to conduct himself appropriately in court. Therefore, the Court finds that the Missouri Court of Appeals' decision denying petitioner relief on this claim was not contrary to nor an unreasonable application of clearly established Supreme Court precedent. Holman's petition for habeas relief on this claim will be denied.

After careful review of the record, the Court concurs in the recommendation of the Magistrate Judge.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein. [Doc. 14]

**IT IS FURTHER ORDERED** that Robert Holman's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**. [Doc. 4]

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate judgment will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 15th day of March, 2006.